## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

J. VANGEL ELECTRIC, INC.,

                        *Plaintiff*,

  vs.                                     Case No. 11-2112-EFM

SUGAR CREEK PACKING CO.,

                        *Defendant.*

## MEMORANDUM AND ORDER

This is a breach of contract case.  This case is now before the Court on Defendant's motion to dismiss (Doc. 5) and Plaintiff's motion for leave to file a sur-reply (Doc. 9).  Because the Court concludes that Defendant's motion should be denied, and does so without resorting to Plaintiff's sur-reply, the Court denies both of the motions.

## BACKGROUND

Plaintiff, J. Vangel Electric, Inc., a Missouri corporation with its principal place of business in Joplin, Missouri, alleges that it entered into a contract with Defendant, Sugar Creek Packing Co., to install power drops for new microwave lines at Defendant's facility in Frontenac, Kansas.  According to Plaintiff, Defendant has failed to compensate it fully for the services it rendered pursuant to the parties' agreement.  Due to this failure, Plaintiff filed this suit.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[1]  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[3]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[4]  All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[5]  Allegations that merely state legal conclusions, however, need not be accepted as true.[6]

With regard to a summary judgment motion that is made by a defendant and is based on an affirmative defense, "the defendant has the initial burden of demonstrating that there is no disputed material fact regarding the defense and that the defense entitles him to judgment as a matter of law."[7]

---

[1]*Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[4]*Iqbal,* 129 S. Ct. at 1950.

[5]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[6]*See Hall*, 935 F.2d at 1110.

[7]*Hesterlee v. Cornell Co. Inc.*, 351 F. App'x 279, 281 (10th Cir. 2009) (citing *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997)).

 If the defendant meets his initial burden, " 'the plaintiff must then demonstrate with specificity the existence of a disputed material fact.' "[8]  As is true in other summary judgment contexts, the Court must view the evidence in the light most favorable to the nonmoving party.[9]

## ANALYSIS

In its motion, relying upon K.S.A. 17-7307,[10] Defendant argues that Plaintiff's action must be dismissed because Plaintiff is not currently authorized to do business in Kansas and has not paid the applicable taxes, fees, and penalties for the years it did business in Kansas without authorization. In support of its motion, Defendant attached printouts from a state of Kansas website establishing that as of May 2, 2011, Plaintiff was not registered to do business in the state, and invoices allegedly sent from Plaintiff to Defendant for work performed by Plaintiff at Defendant's Kansas facility in 2008 and 2009.  In response, Plaintiff has produced a certificate from the Kansas Secretary of State, dated May 4, 2011, stating that Plaintiff is a foreign corporation in good standing.

To the extent Defendant's motion is premised on Rule 12(b)(6), it can be quickly dispatched. Motions to dismiss should only be granted when it is clear from the face of the complaint that Plaintiff cannot succeed on the claims alleged.[11]  Here, it is not obvious from Plaintiff's complaint

---

[8]*Id.* (quoting *Hutchinson*, 105 F.3d at 564) (emphasis in original).

[9]*See, e.g., LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[10]K.S.A. 17-7307 provides:

A foreign corporation . . . [who] has done business in this state without authority shall not maintain any action or special proceeding in this state, unless and until such corporation has been authorized to do business in this state and has paid to the state all taxes, fees and penalties which would have been due for the years or parts thereof during which it did business in this state without authority.

[11]*See, e.g., Bullington v. United Air Line, Inc.*, 186 F.3d 1301, 1311 n.3 (10th Cir. 1999) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period."), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *cf. Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 332 F. App'x 463, 467 (10th Cir. 2009) (stating that because it was not clear from the complaint that the plaintiff's claims were time barred the plaintiff's action should

that Plaintiff is a foreign corporation unauthorized to do business in Kansas or that it has failed to

pay taxes, fees, or penalties arising out of business it did in the state before it was authorized to do

so. Accordingly, Defendant's request that Plaintiff's action be dismissed on Rule 12(b)(6) grounds

should be denied.

In light of the fact that Plaintiff has attached materials to its motion that are not cited to in

Plaintiff's complaint and are not central to Plaintiff's stated claims, it appears that Defendant is

inviting the Court to convert its motion into a summary judgment motion.[12] The Court declines this

implicit invitation. If Defendant desired for such a transformation to take place, it should have

explicitly asked for it. Because it did not, Defendant is not entitled to have its motion converted.[13]

Even if the Court was to convert the motion, though, Defendant's motion would still fail

because it is substantively deficient. K.S.A. 17-7307 is an affirmative defense;[14] as a consequence,

Defendant bears the burden of establishing that there is no disputed material fact regarding

Plaintiff's alleged violation of K.S.A. 17-7307. Stated another way, in order to succeed on a

---

not be dismissed on the ground that the applicable statute of limitation was violated);

[12]*See, e.g.,* Fed. R. Civ. P. 12(d) (stating that a motion to dismiss must be converted into a summary judgment motion when the Court considers matters outside of the complaint).

[13]*See, e.g., Grogan v. O'Neil,* 292 F. Supp. 2d 1282, 1292 (D. Kan. 2003) (refusing to convert a motion to dismiss into a summary judgment motion because the parties had not asked the Court to do so, and the Court had not notified the parties that it intended to apply the summary judgment standard).

[14]*See, e.g., Norman M. Morris Corp. v. Weinstein,* 466 F.2d 137, 142 (5th Cir. 1972) (concluding that the plaintiff's alleged failure to comply with Florida's door closing statute, i.e., a statute precluding an unauthorized corporation from filing an action in a state's courts, was an affirmative defense and must be specifically plead); *Remsen Partners, Ltd. v. S. Mgmt. Corp.,* 2004 WL 2210254, at *3 (S.D.N.Y. Sept. 30, 2004) (stating that New York's door closing statute is an affirmative defense); *Clearwater Artesian Well Co., Inc. v. LaGrandeur,* 912 A.2d 1252, 1254-55 (Me. 2007) ("It is therefore incumbent on the defendant to raise by affirmative defense that the plaintiff, at the time of the institution of the action, is a foreign corporation doing business in the state without proper authority."); *KMS, Inc. v. Wilson,* 857 S.W.2d 525, 529 (Mo. Ct. App. 1993) ("The burden is on the defendant to establish that the plaintiff was unlawfully doing business within the state and was not entitled to maintain its action."); *see also* Fed. R. Civ. P. 9(a)(1)(A) (stating that generally a party need not allege that it has the capacity to sue).

summary judgment motion, Defendant must show *either* that Plaintiff is not authorized to do business in Kansas *or* that Plaintiff did business in the state before it was authorized to do so *and* has failed to pay the applicable taxes, fees, and penalties.  Here, Plaintiff, at a minimum, has created a factual question as to whether it is authorized to do business in the state.[15]  As a result, only the second prong could serve as a ground for dismissing Plaintiff's action.  While Defendant has produced evidence, which, at this point, is unrebutted, that Plaintiff did business in Kansas before it was authorized to do so, Defendant has offered nothing more than its rank speculation that Plaintiff has not paid the taxes, fees, and penalties arising from such activity.  Accordingly, Defendant has not carried its initial burden, and, as a result, it motion should be denied without prejudice to the extent that it seeks summary judgment.[16]

In sum, the Court concludes that Defendant's motion to dismiss is not well founded, and, thus, should be denied.  Because the Court was able to reach this conclusion without referring to Plaintiff's sur-reply, the Court denies as moot Plaintiff's motion for leave to file a sur-reply.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Doc. 5) is hereby DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file sur-reply is hereby DENIED AS MOOT.

---

[15]Defendant has not argued that K.S.A. 17-7307's requirements cannot be satisfied retroactively.  Even if it had, though, such an argument would not serve as a basis for granting Defendant's motion because it is without legal traction. *See, e.g.,  Pedi Bares, Inc. v. P & C Food Mkts., Inc.*, 567 F.2d 933, 936 (10th Cir. 1977).

[16]*See Assoc. Commc'ns & Research Servs., Inc. v. Kan. Pers. Commc'ns Servs., Ltd.*, 31 F. Supp. 2d 949, 951 (D. Kan. 1998) ("The court cannot find summary judgment appropriate in light of the absence of evidence before the court as to the existence of any tax delinquency by [the plaintiff].").

**IT IS SO ORDERED**.

Dated this 25th day of July, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE