**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **J. VANGEL ELECTRIC, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SUGAR CREEK PACKING, CO.,** )<br>)<br>**Defendant.** )<br>_____ ) | Case No. 11-2112-EFM |

**MEMORANDUM AND ORDER**

This commercial construction dispute is before the court on the parties' respective motions to compel. (Doc. 44 & 49). For the reasons set forth below, defendant's motion (Doc. 44) shall be **GRANTED IN PART** and plaintiff's motion (Doc. 49) shall be **DENIED.**

**Background**

Highly summarized, defendant hired plaintiff to install power drops for new microwave lines at defendant's Frontenac, Kansas facility. Plaintiff alleges that defendant breached the contract by failing to pay $76,301 owed on a "purchase order" contract. Plaintiff also alleges that defendant requested additional services and failed to pay $460,494 owed "on account." Defendant denies that it owes any money and asserts a counterclaim. Specifically, defendant contends that plaintiff (1) did not provide materials consistent with

the terms of the bid and (2) billed defendant for labor that should have been covered by the original contract.

### Defendant's Motion to Compel

As explained in greater detail below, defendant's motion to compel shall be GRANTED IN PART because of the unusual circumstances surrounding the parties' arguments and efforts to resolve the motion without court intervention.

On January 5, 2012, defendant moved to compel documents responsive to its first set of production requests. Plaintiff's response to the motion explained that the parties had conferred on January 12, 2012, and, notwithstanding its relevance objections, all documents had now been produced; therefore, the motion should be denied.[1] On February 8, 2012, defendant filed a reply arguing that plaintiff had failed to show that the discovery requests are irrelevant.[2] More importantly, defendant argued that (1) some of the produced documents had improper redactions, (2) no privilege log had been provided, and (3) there was no indication which documents were responsive to which production requests. On February 12,

---

[1] "Plaintiff has produced all responsive documents." Plaintiff's Response Brief, Doc. 54, p. 2. Plaintiff is bound by this representation.

[2] Both parties continue to argue in their briefs whether or not the discovery requests are relevant in the context of discovery. Given the representation that all documents have been produced, the parties' reasons for continuing to debate the issue are unclear. Both parties are admonished that their respective positions concerning relevance are not adequately explained in their brief and any future discovery motions will require more detailed written explanations concerning the claims and defenses in this case.

-2-

defendant filed a supplemental brief explaining that plaintiff served a supplemental discovery response on February 9 identifying which documents were responsive to which production requests. Defendant continues to request a court order that plaintiff produce "any and all documents responsive" to defendant's first set of production requests.

Plaintiff apparently has produced all documents responsive to the requests, albeit with some redactions that are not explained. Because no privilege or other justifications have been proffered for the redactions, plaintiff shall produce unredacted copies of the documents responsive to defendant's first set of production requests. Additionally, no privilege log has been produced; therefore, any claims of privilege have been waived.

**IT IS THEREFORE ORDERED** that defendant's motion to compel (**Doc. 44**) is **GRANTED IN PART** and plaintiff shall produce unredacted copies of the documents by **May 10, 2012.** Plaintiff is bound by its representation that all responsive documents have been produced.

### Plaintiff's Motion to Compel

Plaintiff moves to compel the production of certain documents, arguing that defendant's privilege log is inadequate and therefore any claimed privilege has been waived. The court has reviewed the original and supplemental privilege log and is satisfied that defendant has complied with Fed. R. Civ. P. 26(b)(5) and (1) expressly asserted that specific documents are protected by the attorney-client privilege and work product doctrine and (2)

"described the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Defendant's privilege log shows (1) the date the document was created, (2) the author and recipients of the document, (3) the Bates number, (4) an adequate description of the communication or document, and (5) the claimed privilege. Under the circumstances, defendant's privilege log is adequate and no privilege has been waived. Accordingly, plaintiff's motion to compel shall be DENIED.[3]

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel discovery **(Doc. 49)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of April 2012.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[3] In the event the court deems the privilege log adequate, plaintiff requests that the court enter an "order establishing that all responsive, relevant documents have been produced." (Doc. 63, p. 6). The court declines to enter such an order because it serves no apparent purpose. Defendant represented during a January 12, 2012 conference with plaintiff that all documents responsive to the production requests had been provided and confirmed this representation in a January 27, 2012 letter. (Doc. 55, p. 2-3). Defendant is bound by its discovery representations.