# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

J. VANGEL ELECTRIC, INC.,
a Missouri Corporation,

       *Plaintiff,*

 vs.

SUGAR CREEK PACKING CO.,
an Ohio Corporation,

       *Defendant.*

Case No. 11-CV-2112-EFM-KMH

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Amend its Counterclaim (Doc. 80). Defendant seeks leave to amend its counterclaim to assert two additional claims for breach of implied warranty. Because the Court finds that Defendant has not shown good cause sufficient to modify the Court's Scheduling Order, and because the proposed amendment would result in undue prejudice to Plaintiff, the Court denies Defendant's motion.

### I.        Factual and Procedural Background

This case involves Plaintiff's claims for breach of contract and action on account. Plaintiff alleges that Defendant failed to fully pay for electrical work that Plaintiff performed at

Defendant's facility in Frontenac, Kansas.[1]   Defendant asserted a counterclaim for breach of contract, alleging that Plaintiff improperly billed Defendant and that Plaintiff provided materials inconsistent with the terms of the bid.[2]   On September 8, 2011, the Court entered its Scheduling Order, which required that the parties file any motion to amend their pleadings on or before October 3, 2011.[3]

The City of Frontenac, Kansas, adopted the 2005 National Electrical Code (NEC) as part of its City Code.[4]   According to Defendant, that Code requires the use of 500 KCMIL, 1/0, and/or 2/0 variations of electrical wire for the installation of ground connections.   On May 9, 2012, the Plaintiff deposed Defendant's expert witness, Robert Patrick Juergens, and on May 11, 2012, Defendant deposed Jamie Vangel, who serves as President for Plaintiff.   During these depositions, Defendant first realized that Plaintiff did not use the variations of wire described above, but instead used 2 AWG wire when installing connections for the power supply and grounding wire.   Defendant contends that the 2 AWG wire that Plaintiff installed fails to comply with the NEC and the City of Frontenac Code, resulting in a risk that a ground fault could damage the power supply to Defendant's facility.

On May 18, 2012, the Court entered its Pretrial Order, which indicated that "Defendant Sugar Creek may seek to amend its counterclaim based upon information obtained during Mr. Vangel's deposition concerning the adequacy of the ground wire used in the installation of the

---

[1] Complaint, Doc. 1, p. 2.  On October 17, 2011, Plaintiff filed an Amended Complaint to add a claim for interest and attorneys' fees under the Kansas Fairness in Private Construction Contract Act.  Amended Complaint, Doc. 25, p. 3.

[2] Defendant's Answer and Counterclaim, Doc. 13, p. 3.  Defendant also filed an Answer to Plaintiff's Amended Complaint, but did not re-state or modify its counterclaim therein.  Defendant's Answer to Plaintiff's Amended Complaint, Doc. 32, p. 1.

[3] Scheduling Order, Doc. 14, p. 2.

[4] Ordinance No. 2007-12, Doc. 81-1, pp. 1-2.

power feed."[5]  On June 4, 2012, Defendant filed the present motion, seeking leave to amend its counterclaim to assert additional claims for breach of implied warranty.  Defendant's proposed counterclaims seek an award of damages to reimburse Defendant for the costs of installing wire that complies with NEC and City of Frontenac Codes.  A three-day jury trial is scheduled to begin on January 8, 2013.

## II.        Standard Governing Motions to Amend

Under Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[6]  Rule 15(a)(2) provides that courts should "freely give leave when justice so requires."[7]  However, a court may refuse to grant leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[8]

"When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated."[9]  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[10]  "Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a [pleading] filed past the scheduling order

---

[5] Pretrial Order, Doc. 79, p. 12.

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[9] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, 2010 WL 4004874, *3 (D. Kan. Oct. 12, 2010).

[10] Fed. R. Civ. P. 16(b)(4).

deadline."[11]   Accordingly, the Court must first determine whether the moving party has established "good cause" for modifying the Scheduling Order under Rule 16(b)(4).[12] "Only after determining that good cause has been established will the Court proceed to determine the more liberal standard for amendment under Rule 15(a)."[13]

To establish good cause under Rule 16(b)(4), "the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence."[14] The lack of prejudice to the nonmovant does not demonstrate "good cause."[15] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.[15] Indeed, "the ultimate decision whether to allow a proposed amendment addresses the sound discretion of the court."[16] In exercising its discretion, the court must remain mindful that the Federal Rules of Civil Procedure favors decisions on the merits rather than on pleading technicalities.[17]

---

[11] *Carefusion*, 2010 WL 4004874, at *3.

[12] *Id.*

[13] *Id.*

[14] *Id.* (citing *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 2009 WL 1635894, *4 (D. Kan. June 11, 2009)).

[15] *Id.* (citing *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group*, 2003 WL 21659663, *2 (D. Kan. Mar. 13, 2003)).

[16] *Id.* (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir.1995)).

[17] *Id.* (citing *Collins v. Wal–Mart, Inc.*, 245 F.R.D. 503, 507 (D.Kan.2007)).

### III.    Analysis

#### A.  Good Cause Under Rule 16(b)(4)

The Court holds that Defendant has failed to carry its burden of establishing "good cause" under Rule 16(b)(4) to justify modifying the Scheduling Order to permit the amendment of pleadings.  It appears that Defendant reviewed and approved Plaintiff's ongoing work and invoices, but failed to inquire or to ascertain whether the wire that Plaintiff installed complied with NEA or City of Frontenac Codes.  Additionally, while the installed wire was covered by the surface of the ground, Defendant apparently had access to inspect the variety of excess wire since December 2010, long before the Scheduling Order's deadline for amendment of pleadings. Because Defendant had access to the factual basis to bring its proposed counterclaims for breach of warranty long before the Scheduling Order deadline, the Court concludes that Defendant's failure to timely amend its counterclaim constitutes a lack of diligence.  Therefore, the Court holds that Defendant has failed to carry its burden of demonstrating "good cause" under Rule 16(b)(4).

#### B.  Undue Prejudice Under Rule 15(a)

The Court must also determine whether amendment is proper under the more liberal standards related to Rule 15(a).  As the non-moving party, Plaintiff bears the burden of demonstrating that the proposed amendment is untimely and would result undue prejudice.[18]  It is clear that Defendant sought leave to amend its counterclaims less than one month after the May 2011 depositions of Jamie Vangel and Mr. Juergens.  While Defendant asserts that these depositions mark the first time it actually realized the variety of grounding wire that Plaintiff installed, Defendant had access to the wire for approximately ten months before the Scheduling

---

[18] *Rural Water Dist. No. 4, Douglas County v. City of Eudora, Kan.*, 2008 WL 1867984, *3 (D. Kan. Apr. 24, 2008); *Acker v. Burlington N. & Santa Fe Ry. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003); *Schmitt v. Beverly Health and Rehab. Servs. Inc.*, 993 F.Supp. 1354, 1365 (D. Kan. 1998).

Order deadline, but failed to inquire or to inspect the wire used.  For the reasons discussed above with respect to Defendant's failure to show "good cause" for not seeking leave to amend its pleading prior to the Scheduling Order deadline, the Court finds that Defendant's motion for leave is untimely.

The Court also finds that Plaintiff would suffer undue prejudice if Defendant were permitted to amend its pleading to add two new claims for breach of implied warranty.  With narrow exceptions for unopposed depositions, discovery in this matter closed on May 2, 2012.[19] The Court entered its Pretrial Order on May 18, 2012,[20] and a three-day trial is scheduled to begin on January 8, 2013.  However, the proposed amendment would likely require additional discovery regarding a number of issues in order to avoid prejudice and unfair surprise to Plaintiff at trial.  First, Defendant has not itemized the additional damages it seeks in relation to the proposed claims for breach of implied warranty.   Second, Plaintiff has indicated an understandable desire to depose Mr. Juergens with regard to his revised expert opinion, which now contemplates the installed wire's compliance with various codes.  The Court finds that Defendant's untimely amendment would result in undue prejudice to Plaintiff, who could not fully engage in discovery to investigate the new counterclaims.  Because Plaintiff has satisfied its burden of showing that the proposed amendment is untimely and would result in undue prejudice, the Court denies Defendant's motion.

---

[19] Order Extending Scheduling Order Deadlines, Doc. 65, p. 1.  The Order Extending Scheduling Order Deadlines did not extend the deadline for amendment of pleadings.  *See id.*

[20] Pretrial Order, Doc. 79.  Although the Pretrial Order indicates that Defendant may seek leave to amend its counterclaim, the Order did not inherently grant Defendant the right to do so.  *See id.* at 12.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Amend its Counterclaim (Doc. 80) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of November, 2012.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE